UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-47-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DANNY CLARK, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Danny Clark is named in all eighteen counts of a superseding indictment returned April 27, 2006. The charges against him include: conspiracy to distribute and possess with intent to distribute Oxycodone and Methadone (Count 1s); aiding and abetting with another the distributing of Oxycodone (Counts 2s, 4s, 7s, 12s, 14s, 17s, 18s); distributing Oxycodone (3s, 6s, 10s, 11s, 16s); distributing Oxycodone and Methadone (5s); attempting to distribute Oxycodone (8s); and aiding and abetting the possession with the intent to distribute Oxycodone (9s, 13s, 15s).

There are four other defendants named in the indictment. Taken together, they are charged in counts 1s, 12s, 13s, 14s, 17s, and 18s, or in a total of six of the eighteen counts against Defendant Clark. On July 19, 2006, Defendant Clark moved the Court to sever his trial from that of his co-defendants. Apparently conceding that the superseding indictment

charging him and his co-defendants together was proper under Federal Rule of Criminal Procedure 8, Clark now moves for severance under Fed. R. Crim. Pro. 14.

Fed. R. Crim. Pro. 8(b), covering joinder of defendants, provides that:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Generally, Rule 8 provides a liberal standard for joinder, as multiple trials are unfair to both the Government and accused since prosecution is expensive and time-consuming for both the Government and the Court. Moreover, a defendant is then put to the expense and embarrassment of two or more trials. *United States v McGrath*, 558 F.2d 1102 (2nd Cir. 1977), *cert den* (1978) 434 U.S. 1064.

By making his motion for severance under Rule 14, the Defendant has essentially conceded that the initial charging of him and his co-defendants was proper. Instead, the Defendant provides three reasons why a joint trial would specifically prejudice his defense under Rule 14. First, the Defendant argues that evidence of prior bad acts of co-defendants would prejudice the jury against him. Second, the Defendant argues that his defense will be antagonistic to that of other defendants. Third, he argues that the case is so complex that the addition of co-defendants would lead to confusion of the jury. The Court will address each in turn.

There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials "play a vital role in the criminal justice system." *Richardson*

*v. Marsh*, 481 U.S. 200, 209 (1987). Because they promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts," *Id.* at 210, the Supreme Court has "repeatedly [] approved of joint trials." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Therefore,

> [A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*Id.* at 539.

The Sixth Circuit has clarified the standard for severance, holding that, as a general rule, persons indicted jointly should be tried together. *United States v. Stull*, 743 F.2d 439, 446-47 (6th Cir. 1984), *cert. denied*, 470 U.S. 1062 (1985). When a defendant seeks severance, he has a heavy burden of showing specific and compelling prejudice, and the decision to grant severance is in the clear discretion of the trial court. *United States v. Harris,* 9 F.3d 493, 500 (6th Cir. 1993), *citing United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987), *cert. denied*, 486 U.S. 1034 (1988).

The Defendant's first argument as to why his trial should be severed from that of co-defendants is that evidence of their "prior bad acts" may be admissible against them, and that evidence might prejudice the jury against the Defendant. As the Defendant offers no examples of what type of bad acts might prove prejudicial, the Court cannot identify any particular prejudice that might result from specific evidence of other conduct. As the Government notes in its response, the Defendant will be allowed to object to specific

evidence of other conduct under Federal Rule of Evidence 404(b) at trial. [Record No. 99] Moreover, the Defendant may be entitled to a limiting instruction from the Court. *See, e.g.* Sixth Cirucit Criminal Pattern Jury Instruction 2.01(c), 7.13.

Next, the Defendant argues that because his defense will be to deny that he committed any of the acts underlying the 18-count indictment, his defense will be antagonistic to that of his co-defendants. However, because he offers nothing further, it is impossible for the Court to determine how his denial of responsibility will be antagonistic to that of his co-defendants, unless it is his contention that each will admit guilt at trial. "[D]efendants have the burden 'to show that an antagonistic defense would present a conflict so prejudicial that defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty.'" *Harris*, 9 F.3d at 501, *citing United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992).

Third, the Defendant argues that this case is so complex as to risk undue confusion of the jury. In support, he indicates that he has received over 10,000 pages of discovery from the Government, including numerous business records from at least three different businesses. [Record No. 97] Given that it appears that many, if not most, of the records relate to businesses in which the Defendant had an interest, it is unclear how he will be prejudiced by the introduction of this evidence. As "the jury must be presumed capable of sorting out the evidence and considering the case of each defendant separately," the Defendant has failed to show how these records will lead to confusion of the jury, and therefore prejudice. *United States v. Thomas*, 728 F.2d 313, 319 (6th Cir. 1984).

Accordingly, it is hereby **ORDERED** that the Defendant's motion to sever is **DENIED**.

This 28th day of July, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge