UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 06-47-S-DCR |
| | ) | Civil Action No. 6: 07-193-DCR |
| V. | ) | |
| | ) | |
| DANNY D. CLARK, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant/Petitioner Danny D. Clark's *pro se* motion to vacate, set aside, or correct a sentence filed pursuant to 28 U.S.C. § 2255. [*See* Record No. 230, Criminal Action No. 6: 06-47; Record No. 1, Civil Action No. 6: 07-193.] Consistent with local practice, this matter was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B).

The Magistrate Judge filed his Recommended Disposition on April 16, 2008. [Record No. 251, Criminal Action No. 6: 06-47] Thereafter, Clark was given two extensions of time to file objections. [Record Nos. 253 and 255, Criminal Action No. 6: 06-47] In relevant part, the most recent Order granting his motion for an extension of time provided that,

> [t]he Petitioner/Defendant will be given until **June 30, 2008**, to file objections with the Clerk of the Court. The Petitioner/Defendant is advised that no further extensions of time will be given for the purpose of filing objections to the United States Magistrate Judge's Recommended Disposition. Further, the Petitioner/Defendant is advised that this filing requires that the Petitioner/Defendant's objections be received by the Clerk of the Court no later

than 5:00 p.m. on June 30, 2008, and not merely placed in the prison's mail system by that date.

[Record No. 255; Criminal Action No. 6: 06-47]

No objections have been filed by Clark and the matter is now ripe for review of the Magistrate Judge's Recommended Disposition.[1] For the reasons that follow, the Court will adopt this Recommended Disposition, deny the Defendant/Petitioner's motion, and dismiss the habeas proceeding.

**Legal Analysis**

Based on his review of the record and the applicable law, the Magistrate Judge recommended that Phillips' motion be denied. Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in full agreement with the Magistrate Judge's Recommended Disposition.

---

[1] On June 30, 2008, the Court denied the Petitioner's motion for appointment of counsel. [Record No. 258, Criminal Action No. 6: 06-47]

As outlined in the Recommended Disposition, with the exception of his claim that his retained counsel, Derek Gordon, failed to file a timely Notice of Appeal, Clark has expressly withdrawn all other claims from consideration. However, he disputes his retained counsel's assertions that he decided not to appeal the sentence imposed in the case. [Record No. 251, pp. 2-7, Criminal Action No. 6: 06-47] With respect to this issue, the Magistrate Judge thoroughly reviewed the affidavits and other materials submitted by the parties. After reviewing these materials, the Magistrate Judge concluded that,

> [i]n sum, the Court finds that Clark has no claim for ineffective assistance. The record indicates that Clark never "expressly" instructed counsel to appeal. The record also shows that counsel may have contacted Clark about appealing by timely mailing the February 23, 2007 letter to Defendant. Even if the written communication was not a proper consultation, Clark has not shown that counsel's failure-to-consult would have been deficient or prejudicial on these facts. Because the Court rejects Defendant's failure-to-consult claims, and because Defendant withdrew all other issues from consideration, the Court recommends that the District Court DENY with prejudice Clark's § 2255 motion.

[Record No. 251, Criminal Action No. 6: 06-47]

The undersigned agrees with the Magistrate Judge's thorough analysis and reasoned conclusions regarding whether counsel improperly failed to file a notice of appeal or consult with Clark about appealing. Because the claims asserted in the Defendant/Petitioner's motion pursuant to § 2255 are without merit, and because he has failed to demonstrate a substantial factual conflict warranting an evidentiary hearing, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [Record No. 251, Criminal Action No. 6: 06-47] is **ADOPTED** and **INCORPORATED** by reference.

2.	Defendant/Petitioner Danny D. Clark's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 is **DENIED** [Record No. 1, Civil Action No. 6: 07-193; Record No. 230, Criminal Action No. 230].

3.	Defendant/Petitioner Danny D. Clark's request for an evidentiary hearing is **DENIED**.

4.	The habeas proceeding [Civil Action No. 6: 07-193] is **DISMISSED** and **STRICKEN** from the docket.

This 1st day of July, 2008.

Signed By:
*Danny C. Reeves* DCR
United States District Judge