UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 06-47-S-DCR |
| | ) | Civil Action No. 6: 07-193-DCR |
| V. | ) | |
| | ) | |
| DANNY D. CLARK, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Danny Clark was sentenced to a term of incarceration of 240 months on February 20, 2007, following his guilty plea to conspiring to distribute and possess with intent to distribute oxycodone and methadone. [Record No. 218] Clark did not appeal his conviction or sentence. However, on June 11, 2007, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 230] Through this habeas motion, Clark asserted claims of ineffective assistance of his retained counsel based on nine alleged errors.

Following briefing, the errors alleged in Clark's § 2255 motion were addressed by United States Magistrate Judge Robert E. Wier in a Recommended Disposition submitted to the Court. [Record No. 251] After addressing all issues raised by Clark, Magistrate Judge Wier recommended that his request for post-conviction relief be denied and that his motion be dismissed. Clark failed to file timely objections to this Recommended Disposition.

-1-

However, notwithstanding this failure, the Court fully reviewed the magistrate judge's report and concluded that it should be adopted in full. [Record No. 259] This determination occurred on July 1, 2008. Again, Clark failed to appeal this determination to the United States Court of Appeals for the Sixth Circuit.

On January 30, 2009, Defendant Clark filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 657 of the United States Sentencing Guidelines. [Record No. 266] Through this motion, Clark argued that the base offense level for his guideline calculation was determined according to the weight of the pills, rather than the weight of the oxycodone contained in the pills attributed to him in the underlying count of conviction.[1] This argument was rejected and Clark's motion was denied on February 11, 2009. [Record No. 267] Clark filed a Notice of Appeal from this decision. [Record No. 268] However, his appeal was rejected by the Sixth Circuit. [Record No. 270] As the Sixth Circuit noted in its Order dated February 5, 2010, this Court "properly calculated the amount of oxycodone pills that were attributed to Clark based on the amount of oxycodone per pill. Clark's base offense level was based on the amount of actual oxycodone and not the weight of the pills." [Record No. 270]

Clark has now filed a third post-conviction motion. [Record No. 272] This motion was filed on February 4, 2011 – approximately thirty-one months after the denial of his original

---

[1] Clark's motion to reduce his sentence filed January 30, 2009, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 657 of the United States Sentencing Guidelines makes no mention of his earlier habeas motion. [Record No. 266]

habeas motion – and is captioned "Motion for Relief From Final Judgment and Incorporated Memorandum of Law." This motion is filed pursuant to Rule 60(b)(1), (3), and (6), and Rule 60(d)(1) and (3) of the Federal Rules of Civil Procedure and seeks to have the Court reconsider the issues raised in his § 2255 motion which was denied on July 1, 2008.[2] After outlining the procedural history of his earlier habeas motion and summarizing various arguments contained in several pleadings, Clark attempts to explain his failure to file timely objections to the magistrate judge's Recommended Disposition. He contends that, because he was unable to file a timely notice of appeal, he procedurally defaulted his appellate rights regarding his § 2255 motion. Thus, he argues that Rule 60 of the Federal Rules of Civil Procedure provides him the only viable recourse. [Record No. 272, p. 20] However, he admits that this rule requires that he demonstrate excusable neglect.

In short, Clark's argument that he should be excused from his tardiness in filing objections to the magistrate judge's Recommended Disposition of his habeas motion – or in appealing this Court's adoption of that recommendation to the Sixth Circuit – falls woefully short of what must be demonstrated to obtain relief at this stage of the proceedings. Clark acknowledges that he was granted an extension of time to file objections to the magistrate judge's Recommended Disposition. And he further acknowledges that we was aware that

---

[2] Although Clark cites Rule 60(d)(1) and (3) of the Federal Rules of Civil Procedure as additional support for the relief sought, the Court finds these provisions to be inapplicable to the issues presented. These subsections of Rule 60 permit the Court to entertain an independent action to relieve a party from a judgment or set aside a judgment for fraud on the Court. Clark has not demonstrated any fraudulent conduct by the United States or his prior counsel. Thus, the Court will analyze the defendant/movant's motion under Rule 60(b).

such objections were required to be filed with the Clerk of the Court no later than June 30, 2008. However, he asserts that he could not meet this deadline because he had been placed in the Special Housing Unit ("SHU") at FCI Gilmer and was unable to obtain assistance from other inmates to meet this extended deadline. Clark claims that he remained in the SHU at this institution until September 19, 2008. At that time, he contends that he was transferred to FCI Memphis and arrived at that location on September 29, 2008. In November 2008, Clark states that he was introduced to a fourth inmate who assisted him in requesting materials in an effort to support his assertions of ineffective assistance of counsel. And on January 30, 2009, with the assistance of yet another inmate, Clark submitted his motion to reduce his sentence under 18 U.S.C. § 3582. However, at no point does Clark offer a credible reason for his failure to wait until February 2011 to file the present motion seeking relief under Rule 60 of the Federal Rules of Civil Procedure.

To obtain relief from a judgment or order under Federal Rule of Civil Procedure 60(b), a movant must demonstrate that the order or judgment was entered as a result of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence which could not have been discovered in time to move for a new trial under Rule 59(b); fraud, misrepresentation, or other misconduct of the adverse party. A motion for relief from a judgment requires that a party establish that the facts fall within one of these enumerated categories. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 541 (6th Cir. 2004).

Courts considering criminal defendants' motions pursuant to Rule 60(b) have repeatedly noted that, "[t]he Federal Rule of Civil Procedure 'unambiguously' limited [its]

application to *civil* cases . . . and 'Rule 60(b) simply does not provide for relief from judgment in a criminal case.'" *Fair*, 326 F.3d at 1218 (quoting *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998)). In *United States v. Bender*, the Sixth Circuit noted that Rule 60(b) "may be used to seek relief from the denial of [a] § 2255 motion, but only if it pertains to issues that were decided in the § 2255 case." *Bender*, 96 F. App'x at 1218.

Subsections (1), (2) and (3) of Rule 60(b) of the Federal Rules of Civil Procedure contains a one-year time limit for seeking to set aside an order or judgment based on a claim of mistake, inadvertence, surprise, excusable neglect, newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b), fraud, misrepresentation, or other misconduct of an adverse party. The relevant portion of the rule provides that:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.
>
> (c) **Timing and Effect of the Motion**.
> (1) **Timing**. A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Rule 60(b), Fed. R. Civ. P.

In addition to the foregoing provisions of Rule 60(b) which contain a one-year time limitation, Clark also seeks relief under the catch-all provision of Rule 60(b)(6). While this subsection of the rule does not contain the explicit one-year limitation for seeking relief, it nevertheless requires that the motion be filed within a reasonable time. There are two additional limitations to subsection (b)(6). First, no other subsection of Rule 60(b) applies. In other words, if the reasons offered for relief from the judgment can be considered under one or more specific clauses of Rule 60(b)(1)-(5), those reasons will not justify relief under Rule 60(b)(6). 12 *Moore's Federal Practice*, § 60.48[2] (Matthew Bender 3d ed.). Second, this subsection of Rule 60(b) "requires a showing of 'extraordinary circumstances.'" *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citing cases, including *Ackermann v. United States,* 40 U.S. 193, 199 (1950)). Under the facts presented by Clark, it is clear that this subsection is inapplicable.

While Clark asserts that he was prevented from filing timely objections while he was being held in the SHU, nothing prevented him from filing objections or seeking an additional extension of time within a reasonable time following his transfer to another facility. The fact that he may have missed his initial deadline does not constitute grounds for an open-ended period to seek relief months or years later.[3] And to the extent that Clark seeks to justify his

---

[3] In this regard, the Court also notes that the failure to respond to a motion or to request an extension of time to file a response is *in*excusable neglect. *Kendall v. Hoover Co.*, 751 F.2d 171, 175 (6th Cir. 1986). *See also Jackson v. Seaboard Coast Line Railroad*, 678 F.2d 992, 1020 (11th Cir. 1982); *Universal File Exchange Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973); *Peake v. First National Bank & Trust Co. of Marquette*, 101 F.R.D. 544, 546 (W.D. Mich. 1984) (Excusable

late filing by claiming he was housed in segregation, did not have access to legal materials, or was moved to another institution, such grounds would fall within the "excusable neglect" provisions of Rule 60(b)(1) and be subject to a one-year limitation commencing on the date of the subject judgment or order. Here, that period would have commenced from the entry of the Court's July 1, 2008 Memorandum Opinion and Order adopting the magistrate judge's Recommended Disposition. Because Clark did not file his current motion within one year of that date, his request for relief under Rule 60(b)(1) and (3) of the Federal Rules of Civil Procedure is time-barred.

Likewise, to the extent that Clark asserts that his former attorneys engaged in fraud, misconduct, or made misrepresentations in connection with the habeas proceeding, those assertions would be time-barred under Rule 60(b)(3). Clark has made no other claims which would constitute "extraordinary circumstances" justifying relief under the catch-all provision of Rule 60(b)(6). Accordingly, it is hereby

**ORDERED** that Defendant/Movant Danny Clark's motion for relief from final judgment [Record No. 272] is **DENIED**.

This 5th day of April, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

neglect calls for circumstances that are unique or extraordinary.).