UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) ) ) | Criminal Action No. 6: 06-47-S-DCR<br>Civil Action No. 6: 07-193-DCR |
| V. | ) ) | |
| DANNY D. CLARK, | ) ) | **MEMORANDUM OPINION<br>AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Defendant Danny D. Clark's Motion for Leave to Appeal In Forma Pauperis and his application for a Certificate of Appealability. [Record Nos. 281, 282] Because the Court cannot discern a nonfrivolous issue and, thus, Clark's appeal would not be taken in good faith, his motion and application will be denied.

Danny Clark is seeking to appeal the Court's denial of his Motion for Relief from Final Judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. [*See* Record Nos. 277, 280] Clark's Rule 60 motion sought relief from the denial of his § 2255 petition, a decision which this Court handed down almost three years ago. [Record No. 259] Now, he wishes to appeal the Court's ruling on his Rule 60 motion *in forma pauperis*. [Record No. 281]

As a preliminary matter, it is well-settled that proceedings under § 2255 are exempt from the Prison Litigation Reform Act. *See Kincade v. Sparkman*, 117 F.3d 949, 950–51 (6th Cir. 1997). In other words, as long as they comply with the procedures set forth in Federal Rule of Appellate Procedure 24, individuals taking appeal from denial of § 2255 relief are not required

-1-

to pay filing fees. *Id.* at 952. However, this case presents a different question: whether that same exception extends to the appeal of an adverse ruling on a Rule 60 motion. A plain reading of *Kincade* indicates that it does. In *Kincade*, the Sixth Circuit explained that "the filing fee provisions of the Prison Litigation Reform Act do not apply to *actions* brought pursuant to § 2254 or § 2255." 117 F.3d at 951 (emphasis added). The use of the word "action" — rather than motion — when viewed in light of the court's broader discussion of § 2255 proceedings, indicates that the filing fee exception extends to appeals of all motions brought within a § 2255 proceeding. Accordingly, as long as Clark's motion complies with Rule 24, he should be permitted to appeal *in forma pauperis*.

The preceding analysis notwithstanding, Clark's motion will be denied because his appeal is not taken in good faith. *See* Fed. R. App. P. 24(a)(2), (3)(A). Traditionally, when a defendant has already been found unable to provide for his defense in a criminal case, he is allowed to proceed *in forma pauperis* on appeal. Fed. R. App. P. 24(a)(3). However, the Rule provides an exception when the district court "certifies that the appeal is not taken in good faith." Fed. R. App. P. 24(a)(3)(A). "Good faith" requires a showing that the issues are arguable on the merits and, therefore, are not frivolous. *See Cardona v. Beeman*, 382 F. App'x 376 (5th Cir. 2010) (affirming district court's denial of leave to appeal *in forma pauperis* on frivolous claims). Clark has not presented any nonfrivolous issues for appeal. Clark's motion was denied on undebatable procedural grounds: it was filed well outside the time allowed for Rule 60 relief — nearly three times longer than allowed. [*See* Record No. 277 (noting that Clark's motion came thirty-one months after the Court's order, when Rule 60 provides a one-year window to file)] There are

no colorable issues to appeal. Clark's appeal would not be taken in good faith, and his motion to proceed *in forma pauperis* will be denied. Likewise, the Court will not issue a Certificate of Appealability.[1]  Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant/Movant Danny Clark's Motion for Leave to Appeal In Forma Pauperis [Record No. 281] is **DENIED**.

2. Defendant/Movant Danny Clark's application for a Certificate of Appealability [Record No. 281] is **DENIED**.

3. Within 30 days, Clark must either pay the appellate filing fee or file a motion in the Sixth Circuit to proceed without prepayment of the filing fee as described in Federal Rule of Appellate Procedure 24(a)(5).

4. Clark is advised, that if he does not take either of the steps described above within 30 days, the Sixth Circuit may dismiss the appeal for failure to prosecute. *McGore v. Wrigglesworth*, 114 F.3d 601, 609-10 (6th Cir. 1997).

5. The Clerk of this Court shall forward a copy of this Order to the Clerk of the Court

---

[1] A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). In the present case, Clark has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

of Appeals for the Sixth Circuit.

This 12th day of May, 2011.


Signed By:
*Danny C. Reeves*  DCR
United States District Judge